**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William O. Robinson, ) | No. 1:06-cv-00385-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| R. Tait, Medical Tech., ) | |
| Defendant. ) | |

Defendant filed a motion for summary judgment on April 30, 2009. Dkt. #30. Plaintiff has not filed a response to the motion, and the time for doing so has expired. *See* Local Rule 78-230(m). Plaintiff shall file a response to the motion by **August 14, 2009**. Defendant shall file a reply by **August 28, 2009**.

Plaintiff is advised that Defendant's motion seeks, pursuant to Rule 56 of the Federal Rules of Civil Procedure, a judgment in favor of Defendant on Plaintiff's Eighth Amendment claim without trial. *See* Fed. R. Civ. P. 56(b). Generally, summary judgment must be granted when there is no genuine issue of material fact; that is, if there is no real dispute about any fact that would affect the outcome of the case, the party who moved for summary judgment is entitled to judgment as a matter of law, which will end the case as to the respective claims. *See* Fed. R. Civ. P. 56(c). When a defendant files a summary judgment motion that is properly supported by admissible evidence or sworn testimony (declarations or affidavits), the plaintiff cannot simply rely on what is alleged in the complaint. Instead,

the plaintiff must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents that contradict the facts shown in the defendant's declarations and evidence and that demonstrate a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e)(1)-(2). If the plaintiff does not submit evidence in opposition, summary judgment, if appropriate, should be entered against the plaintiff and in favor of the defendant. *See* Fed. R. Civ. P. 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment should be granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *see also* Dkt. #15 ¶ 5 (second informational order advising Plaintiff of his summary judgment obligations pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)).

Plaintiff is further advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court, Eastern District of California. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 11-110. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (district court did not abuse its discretion in dismissing the pro se plaintiff's complaint for failing to comply with a court order); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (same); *see also* Dkt. #4 at 1.

A review of the Court's docket shows that Plaintiff has been discharged from custody and his mail is being returned as undeliverable. Plaintiff has an affirmative duty to keep the Court and opposing parties apprised of his current address. *See* Dkt. #4 at 4, ¶ 11 (citing Local Rule 83-182(f)). If Plaintiff fails to update his address, this action may be dismissed without further notice because "[a]n order to show cause why dismissal for failure to

prosecute is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see also* Local Rule 83-183(b).

**IT IS ORDERED:**

1. Plaintiff shall file a response to Defendant's motion for summary judgment (Dkt. #30) and supporting evidence (Dkt. #31) by **August 14, 2009**.
2. Defendant shall file a reply by **August 28, 2009**.
3. Plaintiff is advised that failure to comply with this order may result in the dismissal of the complaint with prejudice.

DATED this 17th day of July, 2009.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge