**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William O. Robinson, ) | No. 1:06-cv-00385-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| R. Tait, Medical Tech., ) | |
| Defendant. ) | |

Plaintiff William Robinson was incarcerated in the Administrative Segregation Unit ("ASU") at the California State Prison, Corcoran. Defendant R. Tait worked as a medical assistant at the ASU and had the job of dispensing prescribed medication to the inmates. In April 2006, Plaintiff filed a complaint against Defendant pursuant to 42 U.S.C. § 1983. Dkt. #1. The amended complaint alleges that on the evening of August 26, 2005, Defendant refused to dispense Plaintiff's prescribed seizure medication causing Plaintiff to suffer a seizure and injure his back. Dkt. #7 at 3.

Defendant has filed a motion for summary judgment. Dkt. #30. No response has been filed, and the time for doing so has expired. For reasons that follow, the Court will grant the motion.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of [the record] which [he] believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party fails to respond to a summary judgment motion made and supported as provided in Rule 56 of the Federal Rules of Civil Procedure, "summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

Defendant argues that he is entitled to summary judgment because: (1) he did in fact dispense Plaintiff's anti-seizure medication on the night in question, (2) even if he had not done so, missing one dose of the medication is unlikely to have caused Plaintiff's seizure, (3) the alleged conduct does not constitute deliberate indifference to Plaintiff's Eighth Amendment rights, and (4) he is entitled to qualified immunity. Dkt. #30-2 at 5-10. With regard to his first argument, Defendant has testified that he has never refused or failed to provide Plaintiff with his anti-seizure medication. Dkt. #30-4 at 2-3, ¶¶ 11-12. Defendant has presented a medication log sheet showing that he gave Plaintiff both of his seizure medications on August 26, 2005, the night in question. Dkt. #31 at 19; Dkt. 30-5 at 3, ¶¶ 18-19. Defendant has further presented the declaration of G. Ofelia Beltran, custodian of inmate medical records, stating that the log sheet is authentic. Dkt. #31 at 20. Defendant argues that Plaintiff's § 1983 claim fails as a matter of law given that Defendant was not indifferent – deliberately or otherwise – to Plaintiff's serious medical needs. Dkt. #30-2 at 5.

Defendant filed his summary judgment motion more than five months ago on April 30, 2009. Dkt. #30. On July 17, 2009, the Court issued an order advising Plaintiff of his obligation to respond to the motion and giving him until August 14, 2009 to do so. Dkt. #35. The Court provided Plaintiff the following guidance:

> Plaintiff is advised that Defendant's motion seeks, pursuant to Rule 56 of the Federal Rules of Civil Procedure, a judgment in favor of Defendant on Plaintiff's Eighth Amendment claim without trial. Generally, summary judgment must be granted when there is no genuine issue of material fact; that is, if there is no real dispute about any fact that would affect the outcome of the case, the party who moved for summary judgment is entitled to judgment as a matter of law, which will end the case as to the respective claims. When a defendant files a summary judgment motion that is properly supported by admissible evidence or sworn testimony (declarations or affidavits), the plaintiff cannot simply rely on what is alleged in the complaint. Instead, the plaintiff must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents that contradict the facts shown in the defendant's declarations and evidence and that demonstrate a genuine issue

of material fact for trial. If the plaintiff does not submit evidence in opposition, summary judgment, if appropriate, should be entered against the plaintiff and in favor of the defendant.

*Id.* at 35 at 1-2 (citations omitted); *see also* Dkt. #15 ¶ 5 (second informational order advising Plaintiff of his summary judgment obligations pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)).

Despite that advice and the extension of time to respond, Plaintiff has failed to file a response to Defendant's motion. In light of Plaintiff's silence, Defendant's evidence that Plaintiff actually received his medicine on the night in question is undisputed. Accordingly, Defendant did not violate Plaintiff's constitutional rights by depriving him of the medicine. Summary judgment is therefore appropriate. *See* Fed. R. Civ. P. 56(e)(2).

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. # 30) is **granted**.

2. The Clerk is directed to **terminate** this action.

DATED this 7th day of October, 2009.

David G. Campbell
United States District Judge